LAND, J.
The plaintiff, in her own behalf, and as the tutrix of her minor children, sued for damages for the suffering and death of hei; husband, alleged to have been occasioned by the negligence of his employer, the Dubach Lumber Company.
The case was tried before the judge below, and there was judgment in favor of the defendant. The plaintiff has appealed.
The evidence narrowed down the issue of negligence on the part of the defendant to the question of defects in an appliance commonly called a “toggle chain,” used for the purpose of securing the loose end of another chain thrown across sawlogs on a skeleton car to keep them in place. We make the following extracts from the brief of counsel for the plaintiff:
“The deceased was an employs of defendant company, engaged in helping to load sawlogs on cars in the woods, and his general duty was fireman on the shay, and, when directed, toggerman ; i. e., fastening the chain to hold the logs in place on the cars. The manner of loading was lifting the logs one by one and placing them over the bed of the car, and then build up the sides of the car, as far as the logs will lie without fastening, leaving a hollow or vacuum in the center, over which a large chain, fastened to 'the bed of the car on one side, is thrown, and the chain fastened on the other side by means of an implement called a ‘togger.’ This togger chain has a hook and a head with a tongue hanging down. The hook is so constructed on the head of the togger that it will not hold until the tongue is pulled down. This cougue when pulled down is fastened by a loose link in one of the links of the togger chain being slipped over the end of the tongue and held by the toggerman until one top log is put on, and the top log weights the chain down in the vacuum and makes the togger taut, ready for the toggerman to turn his hold loose and get away. The deceased was acting as toggerman at the time of his injury.” >
The evidence shows that it is the duty of a man operating a toggle to stay under the car and to hold the ring in place until the first log is dropped, because the toggle will not stay in position until the chain is made taut.
The deceased went under the skeleton car to fasten the loose end of the chain to the toggle hook. He gave the signal to load, and a sawlog was lifted and dropped across the chain in the usual manner. The jar caused two logs to roll off, and to fall upon the deceased as he stepped out from beneath the car.
It is admitted in the statement quoted above that the deceased should have held the tongue and ring in place until after the top log had been dropped and the chain thereby tautened. If he had done so and the ring had slipped, no harm would have happened to him. As it was, he slipped the ring over the end of the tongue and turned to get from under the car before the log was dropped. The petition so alleges. The deceased, while beneath the car, was in a safe place, and there was no occasion for his leaving his position before the work of chaining the logs had been completed. By so doing the deceased thoughtlessly or recklessly exposed himself to danger. In the chain of causation, this act of the deceased was the proximate cause of the injury.
Counsel for the plaintiffs state that the judge below held that the toggle in question was not defective. The evidence shows that both long and short toggles are used in the logging business. The defendant used a few of the latter. The only difference between the two kinds consists in the length of the *829 tongues, and this can be eliminated by shorttening the chain, as was testified by several witnesses.
The toggle was invented for the purpose of facilitating the unloading of logs at the mills. The hook is released from the log chain by striking the ring from the end of the tongue. The nearer the ring to the end of the tongue the easier is the operation. To the man operating a toggle the danger, if any, is from the slipping of the ring and the consequent release of the chain. When this occurs there is no occasion for the operator to leave the shelter of the car and rush out where logs may fall upon him.
After the decedent was injured, the engineer of the log train took from the cars a long and a short toggle, to be used as evidence on the trial of a prospective damage suit against the defendant. Neither of these toggles were produced on the trial of the case. It is explained that the witness who had them in his possession forgot to bring them to the county seat.
The deceased was a man of mature years, and there is no evidence of his alleged inexperience in the work he undertook to perform beyond the fact that he had been operating the toggles five or six days.
Our learned Brother of the district court heard the witnesses and decided this case in favor of the defendant. After a careful consideration of the facts, we are unable to reach a different conclusion.
Judgment affirmed.